IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : |
| | :   Case No.: 7:19-CR-31 (WLS-TQL-1) |
| KEVIN LAMAR SMITH, | : |
| | : |
| Defendant. | : |
| | : |

## ORDER

On August 17, 2023, this Court held a hearing on the Government's Petition to revoke Defendant Smith's term of supervised release (hereinafter "Petition"), which was filed on July 21, 2022. (Doc. 87). Previously, following a trial on August 18, 2021, the jury found Defendant guilty of the lesser included offense of simple possession, in violation of 21 U.S.C. 844(a) to Count One of one-count indictment, which had charged Defendant with Possession of Methamphetamines with the Intent to Distribute. (Docs. 1; 77; 78). Defendant was sentenced on December 9, 2021, for period of time served, with a supervised release term of one (1) year, complying with mandatory, standard, and special conditions of supervision. (Doc. 85). Thus, Defendant's supervised release commenced on December 9, 2021.

On July 21, 2022, the United States Probation Office petitioned this Court for a warrant (Doc. 87). Pursuant to the Petition, Defendant allegedly violated the conditions of his supervised release on five (5) occasions. (*Id.*)

At the revocation hearing held on August 17, 2023, Defense Counsel acknowledged that Defendant had been provided with a copy of the Petition for revocation and that Defendant had reviewed it with Counsel. The Court advised Defendant of his rights to a hearing on the allegations, in which the Government would be required to prove the

1

allegations by a preponderance of the evidence; to present evidence in his defense; and to testify (Defendant was also advised that he was not required to testify or present a defense and whether he would testify was his decision)—all of which Defendant acknowledged he understood. The Court also confirmed from Defendant that he had received the Petition (Doc. 87) and Revocation Report (Doc. 95) and reviewed them. Neither the Government nor the Defendant had objections to the Report. Defendant stated he had spoken to his counsel about the Petition and did not wish to have a hearing on it, but rather wished to stipulate to all violations alleged in the Petition with certain limitations.

Accordingly, the Court found that Defendant freely, knowingly, and voluntarily stipulated to the alleged violations of supervised release for the purposes of the revocation hearing outlined at Violation Numbers 1–5 of the Government's Petition as specified. (Doc. 87). As such, the Court found that Defendant had committed the alleged violations by a preponderance of the evidence and that Defendant did violate the conditions of his supervised release. Specifically, Violation Number 4 alleged that Defendant failed to refrain from violation of the law in violation of the mandatory condition of supervision; that is, on or about June 30, 2022, Defendant committed the offense of drug: sale/distribute/possess dangerous drugs in Boston, Thomas County, Georgia. (Doc. 87). At the hearing, Defendant admitted to Violation Number 4, consistent with the plea of guilty to Possession of Methamphetamine entered in Thomas County Superior Court (Case No. 23-CR-81) on March 22, 2023.

At the hearing, Defendant testified that he started using methamphetamine again after he got into a car accident that caused his injuries. Defendant further testified that his friends who visited him in the hospital, while he was recovering from his injuries, brought him methamphetamine; however, Defendant testified that he started to seek help while he was in

Thomas County jail. Defendant also testified that he does not plan to nor want to use pain killers or methamphetamine again. The Government did not cross examine the Defendant.

After hearing from the Government, Defense counsel, and Defendant, the Court declared Defendant's supervised release revoked.[1] The Court took into consideration Defendant's U.S. Sentencing Guidelines range of 33–41 months, which was based on Defendant's Grade A violation and criminal history category of VI, with the statutory maximum term of imprisonment of one (1) year for the underlying case. Based on the totality of circumstances in this case and the factors found at 18 U.S.C. §§ 3553(a) and 3583(e), the Court sentenced Defendant to twelve (12) months imprisonment to be followed by no term of supervised release. The Court found this sentence appropriate to reflect the seriousness of Defendant's conduct, promote respect for the law, provide adequate deterrence of criminal conduct, and to protect the public.

For the aforementioned reasons, the Government's Petition (Doc. 87) is **GRANTED**, and Defendant's term of supervised release is hereby **REVOKED**. Accordingly, Defendant Coleman is sentenced to twelve (12) months imprisonment.

**SO ORDERED**, this __21st__ day of August 2023.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] "Due process requires that the court state 'the evidence relied on and reasons for revoking [supervised release.]'" *United States v. Dees*, 452 F. App'x 929, 931 (11th Cir. 2012) (quoting *United States v. Copeland*, 20 F.3d 412, 414 (11th Cir. 1994). "This requirement is satisfied when the record is 'sufficiently complete to advise the parties and the reviewing court of the reasons for the revocation of supervised release and the evidence the decision maker relied upon.'" *Id.* (citations omitted).